UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
RONALD MORET

                                        **COMPLAINT**
                             **JURY TRIAL DEMANDED**

                Plaintiff,        **14-6392 (GHW)**

-against-

NEW YORK CITY POLICE OFFICER CICERO COLOMA
NEW YORK CITY POLICE OFFICER JOSEPH CHAMBERS, and
NEW YORK CITY POLICE OFFICER PAUL PASTORINI.

                          Defendant(s).

------------------------------------------------------------X

       Plaintiff, by his attorney, FRED LICHTMACHER, of the Law Office of Fred Lichtmacher P.C., complaining of the Defendants herein, respectfully alleges as follows:

## JURISDICTION

       1.     Jurisdiction is founded upon the existence of a Federal Question.

       2.     This is an action to redress the deprivation under color of statute, ordinance, regulation, custom, or usage of rights, privileges, and immunities secured to plaintiffs by the First, Fourth and Fourteenth Amendments to the Constitution of the United States pursuant to 42 U.S.C. § 1983.

       3.     Jurisdiction is founded upon 28 U.S.C. Sections 1331, 1343 (a) (3 & 4).

       4.     Venue is appropriate pursuant to 28 U.S.C. Sections 1391 (b) (1 & 2).

## PARTIES

       5.     At all times hereinafter mentioned, Plaintiff, RONALD MORET, an Hispanic male, was a resident of the County of New York in the City and State of New York.

       6     Upon information and belief, at all times hereinafter mentioned, the CITY OF NEW YORK (hereinafter, "NYC") was and still is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

       7     Upon information and belief, that at all times hereinafter mentioned,

Defendants NEW YORK CITY POLICE OFFICERS CICERO COLOMA, JOSEPH CHAMBERS, and PAUL PASTORINI were employed by NYC, as members of its police department and they are sued herein in their capacity as individuals.

8   Upon information and belief, that at all times hereinafter mentioned, NYC, its agents, servants and employees operated, maintained and controlled the NEW YORK CITY POLICE DEPARTMENT (NYPD), including all the police officers thereof.

9   This action arises under the United States Constitution, particularly under the provisions of the Fourth and Fourteenth Amendments of the Constitution of the United States, and under federal law, particularly the Civil Rights Act, Title 42 of the United States Code, Section 1983 as well as pursuant to the laws of the State of New York.

10   Each and all of the acts of the Defendants alleged herein were done by the Defendants, acting as state actors acting under the color of law.

## STATEMENT OF FACTS

11   On October 27, 2011 at approximately 11:30 PM in front of 70 West 95th Street New York New York the Defendants approached Plaintiff who was on the sidewalk.

12   The Defendants in an RMP pulled up to the Plaintiff, got out of their car and manhandled Plaintiff throwing him against the wall and twisting his arm and injuring him.

13   Defendants held Plaintiff for minutes questioning him and manhandling him before letting him go, without probable cause, or even a reasonable suspicion to believe he had committed or was committing a crime.

14   Defendants failed to even generate a stop and frisk report or necessary memo book entries.

15   Plaintiff's right wrist was injured and he immediately went to the Roosevelt Hospital Emergency Room where he was given a wrist splint.

**AS AND FOR A FIRST CAUSE OF ACTION
ON BEHALF OF PLAINTIFF,
VIOLATION OF THE PLAINTIFF'S RIGHTS PURSUANT TO
42 U.S.C. § 1983 and THE FOURTH AMENDMENT
via UNREASONABLE AND EXCESSIVE FORCE**

16. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

17. Plaintiff's rights have been violated pursuant to the Fourth Amendment to the United States Constitution made applicable to the states by virtue of the Fourteenth Amendment pursuant to 42 U.S.C. § 1983, via his being subjected to excessive and unreasonable force.

18. The Plaintiff had committed no crime, and the force used was wholly unnecessary, gratuitous, excessive by definition and was without any legal justification.

19. As a direct consequence of Defendants' actions, the Plaintiff was deprived of rights, privileges and immunities pursuant to the Fourth and Fourteenth Amendments of the United States Constitution, and more particularly, his right to be free from the use of excessive and unreasonable force.

20. Plaintiff endured pain, suffering, loss of bodily function, he needed medical treatment, he incurred medical bills, embarrassment, humiliation, he was prevented from performing his usual affairs of business and he was otherwise harmed.

21. By reason of the aforesaid, the Plaintiff is entitled to compensatory and punitive damages in amounts to be determined at trial and Plaintiff is entitled to an award of attorneys' pursuant to 42 U.S.C. § 1988.

**AS AND FOR A SECOND CAUSE OF ACTION
ON BEHALF OF PLAINTIFF,
VIOLATION OF THE PLAINTIFF'S RIGHTS PURSUANT TO
42 U.S.C. § 1983 and THE FOURTH AMENDMENT
via an UNREASONABLE SEARCH AND SEIZURE**

22. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

23. Plaintiff was stopped, seized and search by the defendants without probable cause or even a reasonable suspicion he had or was in the process of committing a crime.

24. Plaintiff suffered, embarrassment, humiliation, he was prevented from performing his usual affairs of business and he was otherwise harmed.

25. As a direct consequence of Defendants' actions, the Plaintiff was deprived of rights, privileges and immunities pursuant to the Fourth and Fourteenth Amendments of the United States Constitution and more particularly, his right to be free from an unreasonable search and seizure.

26. By reason of the aforesaid, the Plaintiff is entitled to compensatory and punitive damages in amounts to be determined at trial and Plaintiff is entitled to an award of attorneys' pursuant to 42 U.S.C. § 1988.

**WHEREFORE**, Plaintiff demands judgment against the Defendants in an award of compensatory and punitive damages to be determined at trial as well as reasonable attorneys' fees pursuant to 42 U.S.C. § 1988 the costs and disbursements of this action; a trial by jury of all issues set forth in this complaint; and such other and further relief as this Court may deem just and proper under the circumstances.

Dated: New York, New York
August 12, 2014

       / s /
FRED LICHTMACHER (FL-5341)
The Law Office of Fred Lichtmacher P.C.
Attorney for Plaintiff
The Empire State Building
350 5th Avenue, Suite 7116
New York, New York 10118
(212) 922-9066

To:    Zachary Carter
        Corporation Counsel City of New York
        100 Church Street
        New York, New York 10007