UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
RONALD MORET

                                                  **PLAINTIFF'S MOTIONS IN LIMINE**

                       Plaintiff,            14-6392 (GHW)

    -against-

NEW YORK CITY POLICE OFFICER CICERO COLOMA
NEW YORK CITY POLICE OFFICER JOSEPH CHAMBERS, and
NEW YORK CITY POLICE OFFICER PAUL PASTORINI.
                      Defendant(s).

------------------------------------------------------------X

      Fred Lichtmacher of the Law Office of Fred Lichtmacher P.C., attorneys for Ronald Moret in the instant matter, submits the following Motions in Limine for the Court's consideration.

      Annexed hereto, for the Court's convenience, are true copies of the following documents.

Exhibit "1"    The Affidavit of Ronald Moret dated December 10, 2015;

Exhibit "2"    Patrol Guide Section 208-12, in effect at the date of the incident;

Exhibit "3"    Defendant Chambers Deposition Excerpts; and

Exhibit "4"    Patrol Guide Section 202-21.

**Evidence of Ronald Moret's Conviction, in 2002, Should Not Be Allowed to Be Used in Court for Any Purpose**

      Mr. Moret was convicted of a felony for the only time in his life and sentenced to jail in 2002. (Exhibit "1"; Affidavit of Ronald Moret). His conviction was for Criminal Possession of a Controlled Substance in the 3rd Degree and for Criminal Possession of a Weapon in the 2nd

Degree. He was released over ten (10) years ago. (Exhibit "1") Given the balancing test the Courts employ to determine the admissibility of convictions, this Court should employ its discretion to preclude defendants from entering evidence of this conviction or using it as impeachment evidence at trial.

Plaintiff was released more than ten years ago, however, his parole continued until less than 10 years prior to trial. Prior to 1972, this would have favored his conviction being admissible. Today, due to the rule of Eng v. Scully, this evidence should not be admitted at trial. See; Eng v. Scully, 146 F.R.D. 74, 78 (S.D.N.Y. 1993) (quoting Fed. R. Evid. 609(b)

Rule 609(b) excludes admission "if more than 10 years have passed since the . . . conviction or release from confinement for it, whichever is later." Fed. R. Evid. 609(b). While such convictions may be admitted "in the interests of justice, the Second Circuit "has recognized that Congress intended that convictions more than ten years old be admitted very rarely and only in exceptional circumstances. Zinman v. Black & Decker, Inc., 983 F.2d 431, 434 (2d Cir. 1993)).

Because Rule 609(b) creates a time limitation to the admissibility of convictions for impeachment purposes criminal convictions more than ten years old are not admissible for impeachment unless the court determines that, in the interest of justice, the probative value of the conviction substantially outweighs its prejudicial effect. Fed.R.Evid. 609(b). Trial courts in the Second Circuit must make an "on-the-record determination supported by specific facts and circumstances that the probative value of the evidence substantially outweighs its prejudicial effect" before admitting a conviction under Rule 609(b). Daniels v. P.O. Leonard Loizzo, M.V.P.D., P.O. Daniel Fisher, M.V.P.D., and the Mount Vernon Police Department, 986 F.Supp.

2

245, 249 (S.D.N.Y.1997) citing; United States v. Mahler, 579 F.2d 730, 736 (2d Cir.1978).

The test the Courts employ in making their determination is set forth in Federal Rule of Evidence 403, which "provides for the exclusion of relevant evidence if its probative value is 'substantially outweighed' by the danger of unfair prejudice, confusion, or waste of time." Daniels, at 248 n.4 (citing Fed. R. Evid. 403).

Here, there should be no question, that the probative value of this conviction is far outweighed by the prejudice it could create.

**The Court Should Compel the Defendant Officers to Bring Their Entire Relevant Memo Books to Trial**

In my experience litigating against, as well as in representing, numerous members of the NYPD I have become aware that officers frequently write on the back pages of their memo books[1]. This practice is authorized by the NYPD in the Patrol Guide. (Exhibit "2"; PG §208-12 (2)(a)). There could be notes on these pages which are relevant to this matter. I specifically informed adversary counsel I would be making this request.

These documents would have too much sensitive information to produce to an attorney's office. With active officers such as these, arrest information, some of which without a doubt would be sealed, would be contained within their documents. Only the Court could exercise sufficient supervision over the viewing of such documents without possibly violating numerous peoples' rights.

On occasion, officers will tear out pages from their memo books. This can be observed only by examining the actual memo book and not a copy of the entry page.

---

[1] The formal name for a Memo Book is an Activity Log-and both terms are used in the NYPD Patrol Guide.

Patrol Guide §212-08 governs Activity Logs carried and maintained by members of the NYPD. (Exhibit "2"). §212-08 (2) (a) instructs officer to make entries utilizing the blank sides of the pages of their memo books, for notes, diagrams and sketches. In §212-08 (1) (c) (5) they are instructed to enter information relevant to a suspected violation of law, i.e., action taken etc. Id. Additionally, the Patrol Guide specifically instructs officers not to tear pages out. (Id. §212-08 (2)(f)).

Clearly these documents are relevant to the instant matter and must be brought to Court.

**Plaintiff Is Entitled to a Spoliation Instruct Due to the Disappearance of Defendant Chambers' Memo Book**

Mr. Moret seeks a spoliation instruction due to defendant Chambers having lost his memo book. Officer Chambers, who Mr. Moret accuses of inflicting on him the most damage, lost his relevant memo book.

The Second Circuit has stated the following regarding spoliation:

> We have defined spoliation as "the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." West v. Goodyear Tire & Rubber Co., 167 F.3d 776, 779 (2d Cir. 1999). The spoliation of evidence germane "to proof of an issue at trial can support an inference that the evidence would have been unfavorable to the party responsible for its destruction. Kronisch v. United States, 150 F.3d 112, 126 (2d Cir. 1998).

The Second Circuit has defined the elements a party must establish to be given such an instruction:

> the "party seeking an adverse inference instruction based on the destruction of evidence must establish (1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) that the records were destroyed "with a culpable state of mind"; and (3) that the destroyed evidence was "relevant" to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense." Residential Funding Corp. v. DeGeorge Fin. Corp., 306 F.3d 99, 107

4

(2d Cir. 2002) (quoting Byrnie v. Town of Cromwell, 243 F.3d 93, 107-12 (2d Cir. 2001)).

NYPD officers are required pursuant to the Patrol Guide to retain their memo books, even after they are completed, to store for inspection at all times. (Id.§212-08 (6)). Defendant Chambers lost his memo book for the relevant time period. (Exhibit "3" Chambers Dep Excerpt p 19 lines 10-13; p. 22 lines 14-18). This was the only time in his career he ever lost his memo book (Id., p 22 lines 19-24).

Chambers made hundreds of arrests in his career and testified in court more than fifty times and possibly hundreds of times. (Id., p. 38 lines 8-24). It is clear that an experienced, and extremely active officer, should know that keeping his memo book is crucial to criminal cases in which he testifies. If Chambers adhered to the mandates of the Patrol Guide, his book would necessarily have entries regarding not only criminal cases but about this incident, an incident in which the person stopped, required a trip to the hospital. (Exhibit "2" PG 212-08 (1) (c) (5)). Information in this document would be crucial, either as impeachment material, or otherwise, to this matter.

For this instruction, to be given a culpable state of mind requires at least negligence. Byrnie v. Town of Cromwell, Bd. of Educ., 243 F.3d 93, 107-09 (2d Cir. 2001). Where a party destroys evidence in bad faith or in a grossly negligent manner, the relevance of the destroyed evidence may be presumed. Pension Comm. of Univ. of Montreal Pension Plan v. Banc of Am. Sec., 685 F. Supp. 2d 456, 467 (S.D.N.Y. 2010) (Scheindlin, J.)

The Patrol Guide, mandates that officers maintain their activity log. (Exhibit "4" PG § 202-21 (17)).

At a bare minimum, Chambers was grossly negligent in losing this document. Due to the

importance of the lost document, to not only this incident but to possibly several criminal matters, and due to the explicit rule in effect, Mr. Moret should be allowed to have a spoliation instruction as to the lost document.

**Mr Moret Respectfully Requests he Be Allowed to Bring His Projector and Screen to Court to Show Documents in Evidence**

Plaintiff has photographs and other Exhibits he would like to be able to show to the jury. To this end, the attorneys request they be allowed to bring their projector and screen so that the jury can get a good look at the scene of the incident.

Dated: New York, New York
December 11, 2015

/ s /
Fred Lichtmacher
The Law Office of Fred Lichtmacher P.C.
Attorneys for Plaintiff
2 Wall Street 10th Floor
New York, New York 10005
(212) 922-9066

To: Zachary Carter
NYC Corporation Counsel