UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

RONALD MORET,

                              Plaintiff,

– against –

NEW YORK CITY POLICE OFFICER CIERCO COLOMA, NEW YORK CITY POLICE OFFICER JOSEPH CHAMBERS, NEW YORK CITY POLICE OFFICER PAUL PASTORINI,

                              Defendants.

**DEFENDANTS' MOTIONS**
***IN LIMINE***

14 CV 6392 (GHW)

------------------------------------------------------------------------ x

## **PRELIMINARY STATEMENT**

Plaintiff brings this action against the City of New York and Cierco Coloma, Joseph Chambers and Paul Pastorini (collectively "Defendants") alleging violations of his civil rights pursuant to 42 U.S.C. § 1983. Specifically, plaintiff alleges that the Defendants unlawfully stopped and searched him and used excessive force causing an injury to his wrist.

Defendants respectfully submit this memorandum of law in support of their motion <u>in limine</u> to: 1) preclude Plaintiff introducing evidence regarding the City's potential to pay damages and from referring to defense counsel as "City attorneys"; 2) preclude Plaintiff from suggesting a specific dollar amount; 3) preclude plaintiff from introducing evidence of defendants or any DOC witnesses' prior and/or subsequent disciplinary histories; 4) preclude Plaintiff from referring to or introducing NYPD Patrol Guide sections; 5) bifurcate plaintiff's liability claim from his damages claim.

# ARGUMENT

## POINT I

### PLAINTIFF SHOULD BE PRECLUDED FROM INTRODUCING EVIDENCE REGARDING THE CITY OF NEW YORK'S POTENTIAL TO PAY A DAMAGES AWARD

Plaintiff should not be permitted to present any evidence or argument to the jury regarding the City of New York indemnifying the individual defendants under the General Municipal Law. Such evidence or argument lacks any evidentiary value, would seriously prejudice the individual defendant, and is not admissible. If the jury is permitted to assume that any verdict could potentially be paid out of the City of New York's budget, and not by the individual defendant, the jury may not make a careful effort to assess liability or to determine plaintiff's alleged damages. Indeed, similar concerns motivated the drafters of the Federal Rules of Evidence to include Rule 411, which prohibits the admission of evidence of defendants' liability insurance. See Fed. R. Evid. 411 Advisory Committee's Note ("More important, no doubt, has been the feeling that knowledge of the presence or absence of liability insurance would induce juries to decide cases on improper grounds.").

Furthermore, a decision as to whether the City will indemnify the individual defendants cannot be made until after the trial. See N.Y. Gen. Mun. L. §§ 50-k(3)-(4). Indeed, under General Municipal Law § 50(k) although the Corporation Counsel undertakes legal representation based on a finding that the employee's conduct satisfied the scope of employment standard, the City can still "withhold[] indemnification if a judgment determining the facts regarding the employee's acts or omissions declares otherwise." Banks v. Yokemick, 144 F. Supp. 2d 272, 283 (S.D.N.Y 2002). Thus, any evidence or testimony concerning any potential indemnification by the City would be unduly prejudicial. Indeed, "[i]n the general case courts

exclude evidence of indemnification out of a fear that it will encourage a jury to inflate its damages award because it knows the government - not the individual defendants - is footing the bill." Lawson v. Trowbridge, 153 F.3d 368, 379 (7th Cir. 1998); see also Williams v. McCarthy, 05 Civ. 10230 (SAS), 2007 U.S. Dist. LEXIS 79151, at *23-4 (S.D.N.Y. Oct. 25, 2007) (internal citations omitted) (precluding evidence of indemnification and noting that "a number of courts have held that evidence of indemnification is inadmissible"); Larez v. Holcomb, 16 F.3d 1513, 1518 (9th Cir. 1994) (holding that "evidence of insurance or other indemnification is not admissible on the issue of damages...").

Accordingly, Plaintiff should be precluded from offering any evidence or testimony concerning the potential indemnification of the individual defendant by the City of New York. In that same vein, Plaintiff should be precluded from referring to defense counsel as "City attorneys." See Manigault v. City of New York, et al., 11 Civ. 4307 (LAK), Order dated July 10, 2012.

## POINT II

### PLAINTIFF SHOULD BE PRECLUDED FROM SUGGESTING A SPECIFIC DOLLAR AMOUNT TO THE JURY AS TO PLAINTIFF'S DAMAGES

While the Second Circuit has not adopted a flat prohibition of suggesting a specific dollar amount, it does disfavor specifying target amounts for the jury to award. Consorti v. Armstrong World Industries, Inc., 72 F.3d 1003 (2d Cir. 1995). Such suggestions unlawfully anchor the jurors' expectations of a fair award at a place set by counsel, rather than by the evidence. Id.; see Mileski v. Long Island R.R. Co., 499 F.2d 1169, 1172 (2d Cir. 1974) ("A jury with little or no experience in such matters, rather than rely upon its own estimates and reasoning, may give

undue weight to the figures advanced by plaintiff's counsel …"). The Court in Consorti went on to state:

> A jury is likely to infer that counsel's choice of a particular number is backed by some authority or legal precedent. Specific proposals have a real potential to sway the jury unduly. . . . We encourage trial judges to bar such recommendations.

Accordingly, Plaintiff should be precluded from suggesting a specific dollar amount to the jury during his opening statement, the testimony of any witness, and/or summation.

### POINT III

### PLAINTIFF SHOULD BE PRECLUDED FROM INTRODUCING EVIDENCE OR SOLICITING TESTIMONY REGARDING ANY DEFENDANTS PRIOR AND/OR SUBSEQUENT DISCIPLINARY HISTORIES

Plaintiff should be precluded from inquiring about any disciplinary history against defendants. Plaintiff seeks to introduce evidence that defendants were disciplined for failing to generate memobook entries and a Stop, Question and Frisk form related to this incident. Any inquiry into these matters would be irrelevant, prejudicial, confusing, a waste of time, harassing and embarrassing, and would constitute inadmissible hearsay. As an initial matter, the fact that defendants did not generate memobook entries or a Stop, Question, and Frisk form does not bear on whether the defendants committed a constitutional violation. However, to the extent Plaintiff wishes to nonetheless examine the defendants on these issues, Defendants respectfully submit that he be precluded pursuant to Fed. R. Evid. 402, 403, and 404(b).

Rule 404(b) states that evidence of past acts "to prove the character of a person in order to show action in conformity therewith" is inadmissible. Under Fed. R. Evid. 404(b), evidence of past acts is only admissible to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b). However,

evidence of prior bad acts is not automatically admissible merely because the proponent has articulated some purpose unrelated to character.

The decision to admit evidence for one of the permissible reasons under Rule 404(b) also depends on "whether the danger of unfair prejudice outweighs the probative value of the evidence in view of the availability of other means of proof and other factors appropriate for making decisions of this kind under Rule 403." Huddleston v. United States, 485 U.S. 681, 688 (1988). Thus, Rule 404(b) requires a two-part analysis: (1) whether the proposed evidence fits within one of the "exceptions" provided by the Rule; and (2) if the evidence does fall into an exception, the court must apply a balancing test under Rule 403 of whether the probative value of the evidence is substantially outweighed by the potential for jury confusion or undue prejudice. Lombardo v. Stone, 99 Civ. 4603 (SAS), 2002 U.S. Dist. LEXIS 1267, at *8 (S.D.N.Y. Jan. 28, 2002); see also Advisory Committee Notes to Fed. R. Evid. 404(b).

The Second Circuit has consistently held that evidence of an officer's purported prior bad acts are only admissible under Rule 404(b) if the alleged prior act has a close nexus with the acts complained of by plaintiff in the complaint. See Berkovich v. Hicks, 922 F.2d 1018 (2d Cir. 1991). In Berkovich, a case in which the plaintiff sought to introduce prior complaints against a police officer defendant to prove a "pattern of conduct" on the part of the officer regarding false arrest and excessive force claims, the Court held that, "[t]o merit admission under this theory, the extrinsic acts must share 'unusual characteristics' with the act charged or represent a 'unique scheme.'" Id. at 1022-23 (citing United States v. Benedetto, 571 F.2d 1246, 1249 (2d Cir. 1978)). Here, Plaintiff can make no showing that the failure to generate memobook entries and a Stop Question and Frisk Form constitute an "unusual characteristics" or "unique scheme."

In addition, even if Plaintiff could demonstrate the requisite "unusual characteristics" or "unique scheme," or show that the proposed evidence falls under one of the other "exceptions" to Rule 404 discussed herein, such evidence should still be precluded as the prejudicial effect of same outweighs any probative value. The Second Circuit has found that a district court did not abuse its discretion when it excluded evidence of prior complaints against an officer at trial. Berkovich, 922 F.2d at 1023. The Second Circuit held that even where the prior complaints could be admissible under Rule 404 to establish the officer's motive, the district court's finding that the prejudicial effects of such prior complaints outweighed their probative value was appropriate. Id.

## POINT IV

**PLAINTIFF SHOULD BE PRECLUDED FROM REFERRING TO AND/OR OFFERING EVIDENCE AT TRIAL OF ANY NEW YORK CITY POLICE DEPARTMENT PATROL GUIDE**

Plaintiff should be precluded from referring to and offering any evidence of NYPD procedure or patrol guide provisions. Alleged violations of NYPD procedure by the defendants is irrelevant to the determination of whether plaintiff's constitutional rights were violated. Thus, any NYPD procedure or patrol guide provision should be precluded pursuant to Fed. R. Evid. 402 and 403.

First, the standards set forth as per NYPD procedure are merely guidelines established by the New York City Police Department, and are not the standards of the United States Constitution. In light of plaintiff's claims that his constitutional rights were violated, any NYPD guidelines, whether or not followed to the letter, are irrelevant to the determination of whether plaintiff's constitutional rights were violated. See Smith v. Freland, 954 F.2d 343, 347 (6th Cir. 1992) ("[u]nder § 1983, the issue is whether [the officer] violated the Constitution, not

whether he should be disciplined by the local police force. A city can certainly choose to hold its officers to a higher standard than that required by the Constitution without being subjected to increased liability under § 1983"); Romero v. County of Lake, 60 F.3d 702, 705 (10th Cir. 1995) ("violations of state law and police procedure generally do not give rise to a 1983 claim"); see also Galapo v. City of New York, 95 N.Y.2d 568, 574-75 (N.Y. 2000) (NYPD Patrol Guide should be excluded from evidence because it does not create legal duties). Since NYPD procedure does not create legal duties, it is irrelevant to the determination of whether plaintiff's constitutional rights were violated and should therefore be precluded under Fed. R. Evid. 402.

Second, any reference to alleged "violations" of NYPD procedure, meaning that the defendants did not follow the exact guidelines, would only confuse the jury. The jury will be called upon to determine whether the defendants violated plaintiff's constitutional rights, which is to be evaluated by the jury under the Fourth Amendment standard. If the jury is presented with the proffered portions of NYPD procedure, it is likely to wrongly assume that NYPD procedure sets out the standard by which they are to evaluate the defendants alleged unconstitutional actions, notwithstanding a contrary instruction from the Court. It is certainly in the realm of possibility that an officer could follow NYPD procedure and still violate an individual's constitutional rights or not follow NYPD procedure and not violate an individual's rights. Therefore, any reference to alleged "violations" of NYPD procedure are irrelevant, unfairly prejudicial, and would only confuse the issues and the jury. Accordingly, the Patrol Guide, as well as testimony regarding NYPD procedure, should therefore be precluded pursuant to Fed. R. Evid. 402 and 403.

# POINT V

## PLAINTIFF'S LIABILITY AND DAMAGES CLAIMS SHOULD BE BIFURCATED AND TRIED SEPARATELY.

Defendants submit that Plaintiff's liability and damages claims should be bifurcated for convenience, to avoid prejudice to Defendants, and to promote efficiency. Under Rule 42(b) of the Federal Rules of Civil Procedure, a court may order a separate trial "[f]or convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b). The Court has broad discretion to order bifurcation to promote convenience, avoid prejudice to defendants, or to promote efficiency. Amato v. City of Saratoga Springs, 170 F.3d 311, 316 (2d Cir. N.Y. 1999). However, "these factors do not represent a rigid test for determining whether separate trials are necessary; to the contrary, the court could order bifurcation upon a showing of merely one of these factors." Carson v. City of Syracuse, 92-CV-777, 1993 U.S. Dist. LEXIS 9508, at *6 (N.D.N.Y June 30, 1993) (citing Ricciuti v. New York City Transit Auth., 796 F. Supp. 84, 86 (S.D.N.Y. 1992)). "[B]ifurcation may be appropriate where, for example, the litigation of the first issue might eliminate the need to litigate the second issue, or where one party will be prejudiced by evidence presented against another party." Amato, 170 F.3d at 316 (internal citations omitted).

Here, all of the applicable factors – convenience, the avoidance of prejudice and the promotion of efficiency – favor the bifurcation of liability from damages with respect to the civil trial of this matter. The questions the jury will ultimately need to answer in order to decide liability is simply whether it was objectively reasonable for the Defendants to stop and search Plaintiff and whether the force used against Plaintiff was objectively reasonable. Thus, a jury verdict in favor of Defendants would obviate the need to try the issue of damages. That result

would be both convenient and efficient in that it would conserve judicial resources, save the parties the cost of having to litigate the complicated issue of damages at trial and avoid a significant amount of time wasted for all involved including the Court and the jury.

In fact, in this case the issue of the reasonableness of the stop and search and the force used against Plaintiff are a relatively simple questions of fact that will likely involve only the testimony of the Plaintiff and the Defendants. It is likely that a trial on this matter will likely last no more than a day, possibly two. Conversely, a trial on the issue of damages, based upon the information proposed in the Joint Pre-Trial Order, will likely consist of the testimony of two medical witnesses. Such testimony is likely to be very lengthy, very expensive and extremely complicated. Moreover, other than Plaintiff, there is likely little, if any, overlap between witnesses to the incident itself and those necessary to prove the damages claim Plaintiff will likely pursue. As a result, the only scenario under which a jury should have to hear testimony on damages is if Plaintiff first prevails on liability and the testimony therefore becomes necessary.

To permit Plaintiff to introduce evidence of damages in conjunction with the liability phase would also severely prejudice Defendants as it may result in sympathetic jurors more concerned with compensating Plaintiff for injuries and loss than whether or not Defendants are at fault. This is especially true in light of the type of evidence plaintiff will likely seek to introduce in support of his damage claim. Specifically, Plaintiff will likely seek to introduce evidence to establish pain and suffering and the inability to work as a result of his purported injuries, which will certainly evoke sympathy from the jury. That result significantly heightens the prejudice against Defendants because it may lead to a jury basing their decision on something separate and apart from whether Plaintiff's constitutional rights were violated – namely, a desire to award money for his injuries. Because of the nature of the injury, every step must be taken to

ensure that the jury bases their decision on the evidence and not sympathy. Should the Court grant Defendants' request to bifurcate liability and damages, it would not in any way delay the overall resolution of this litigation as any damages trial could proceed immediately following a verdict in favor of Plaintiff, before the same jury.

### CONCLUSION

For the foregoing reasons, defendants respectfully request that the Court grant defendants' motions *in limine* in their entirety and for such other and further relief as the Court deems just and proper.

Dated: New York, New York
December 11, 2015

ZACHARY W. CARTER
Corporation Counsel of the City of New York
*Attorney for Defendants City of New York and Davis*
100 Church Street
New York, New York 10007
(212) 356-3541

By: _____
Pernell M. Telfort
Assistant Corporation Counsel